# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
February 10, 2004 Session
Heard at University of Tennessee at Martin[1]

## TIMOTHY JOHNS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23804     W. Fred Axley, Judge**

---

**No. W2003-00677-CCA-R3-PC  - Filed April 12, 2004**

---

The petitioner appeals from the denial of his post-conviction petition.  The petitioner had pled guilty to rape of a child under age thirteen in exchange for a sentence of fifteen years at 100%.  On appeal, the petitioner claims that he received ineffective assistance of counsel.  The petitioner also contends that the post-conviction court erred by denying his request to call two witnesses and by denying his request to make an offer of proof regarding the testimony of those witnesses. The post-conviction court also excluded certain medical records of the victim.  After thorough review, we reverse the post-conviction court's judgment and remand the case to the post-conviction court for a new hearing. At the new hearing, the post-conviction court should admit the testimony of the petitioner's two witnesses and the victim's medical records.  Should the court exclude certain portions of the testimony, offers of proof shall be allowed in accordance with Tennessee Rule of Evidence 103.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined.  JOE G. RILEY, J., filed a separate concurring opinion.

Chesney Falk McAfee, Memphis, Tennessee, for the appellant, Timothy Johns.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and William Bond, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] This case was heard on the campus of the University of Tennessee at Martin as a special project of the Tennessee Court of Criminal Appeals in furtherance of the educational process of students and faculty.

**OPINION**

Timothy Johns, the petitioner, was indicted for rape of his five-year-old daughter during a time period between January 29, 1999, and February 2, 1999. The petitioner entered a plea of guilty to the indicted charge of rape of a child in exchange for an agreed sentence of fifteen years at 100%. A *pro se* petition for post-conviction relief was timely filed, and two amended petitions were subsequently filed after appointment of post-conviction counsel. After an evidentiary hearing, the post-conviction court denied the relief sought by the petitioner. The appeal of that denial raises three issues:

1. Whether counsel's representation was so defective that the petitioner's guilty plea was not voluntarily and intelligently made;
2. Whether the post-conviction court erred in denying the petitioner's effort to call two witnesses or allow an offer of proof of their testimony; and
3. Whether the post-conviction court erred in disallowing introduction of certain medical records.

**Post-Conviction Hearing**

The petitioner testified that he was first contacted and questioned about the offense in February of 1999. He denied any involvement at that interrogation. After his indictment, he was arrested on May 20, 1999. At his initial appearance, he was appointed representation by the public defender's office but without a specific attorney. The petitioner first met with his assigned attorney in June. At that meeting, he provided counsel with the names of witnesses and contact information concerning the witnesses. These witnesses ostensibly would have known that during a portion of the time the victim was raped, she was in the care of her godparents, Pamela and Rosco Coleman. The petitioner stated that counsel promised an investigation would be conducted.

The next meeting the petitioner had with counsel was on August 12th in the courtroom lockup area. The petitioner had attempted unsuccessfully to contact his counsel in the intervening time. The petitioner stated he was not contacted by any representative of the public defender's office between the meetings with his counsel. The petitioner did not see any discovery materials, and they were not discussed. He stated that he was diagnosed as manic depressive and was taking Zoloft, Mellaril, and Elavil, in combination. During his incarceration, he was also diagnosed with gonorrhea.

The petitioner stated that his plea of guilty was not voluntary but was only entered because his counsel "told me that he has done all that he could do, that there was nothing else that he would - that he could see as happening."

During cross-examination, it was established that the petitioner's first contact with his appointed counsel was June 28th. The witnesses he provided counsel had custody of the victim at the time of the rape; however, she was also with the petitioner during part of the period of January,

-2-

1999. On August 12th, the second meeting with counsel, the petitioner was advised that the State had offered a fifteen-year sentence upon his plea of guilty. Counsel advised the petitioner to accept the offer. The cross-examination referred to the transcript containing the questioning of the petitioner in his waiver of trial by jury and request for acceptance of the guilty plea. The petitioner agreed that he had answered the trial judge's questions as reflected in the transcript but stated he did not remember any of it.

The petitioner's counsel next attempted to call two witnesses purportedly to show facts available but undiscovered due to trial counsel's failure to investigate. One witness, the victim, would allegedly deny the petitioner's involvement in the crime. The other witness, the victim's grandmother, would testify that the victim's statement given to the State investigators used terminology which the victim did not use and that the victim and the petitioner had lived with her without problems. The post-conviction court disallowed the witnesses and their offer of proof.

Trial counsel stated that he first met with the petitioner on June 28, 1999. At that time, the only item counsel had in his file was a copy of the indictment of the petitioner on which counsel made notes from their conversation. Counsel stated he did not recall that the names given him were witnesses but "who his relatives were and where he was living[.]" Subsequently, counsel filed a motion for discovery and received the materials in response. He did not recall whether he shared the discovery material with the petitioner.

Counsel's next meeting with the petitioner was on August 12th, and the State's offer was conveyed to the petitioner. Counsel, when asked if the petitioner requested a trial, stated as follows:

> To the best of my recollection that he did not want a trial, and I don't know his exact words. I'd have to paraphrase, but the gist of it was he wanted to enter a guilty plea and get it over with.

Counsel stated the petitioner never requested an investigation or for him to contact anyone.

On cross-examination, counsel stated that his time log reflected a one-half hour meeting with the petitioner on June 28th, filing for discovery on June 29th, a phone call and letter to the district attorney's office, and receipt of discovery materials. The file did not reflect nor did counsel recall having contacted any individuals noted in his interview notes. The file did not reflect that any investigation was undertaken by the public defender's office or any attempts to contact the petitioner other than the contacts in court. Counsel's time sheet reflected one hour on August 12th, which included talking with the petitioner and the district attorney, completion of guilty plea forms, and entry of the plea.

A supervisor from the public defender's office testified that it was their policy to "attempt investigation" in all Class A and B felony cases "where possible." If none were conducted, a notation should be entered explaining the reason.

The petitioner attempted to introduce medical records which purported to show that the victim was examined for sexual abuse on June 18th allegedly committed by another, while the petitioner was in custody. These records were disallowed.

**Analysis**

On appeal, the petitioner contends that the post-conviction court erred by denying his request to call two witnesses and by denying his request to make an offer of proof regarding the testimony of those witnesses. The post-conviction court denied the petitioner's request to call the victim and the victim's grandmother because it found that the testimony from those witnesses was irrelevant as to whether Counsel was ineffective. The court stated:

> What the petitioner seems to be traveling on is that had [Counsel] or his investigator asked the questions or pursued the investigation with these two, they would have determined number one, it never happened. We're–at the time we're in a guilty plea stage, that's a far piece from where it is that it never happened or that she didn't use these kind of terms. And I say that this is not the vehicle for that.

Following this ruling, the petitioner's counsel asked the post-conviction court, "Can I put on an offer of proof, your Honor?" The post-conviction court replied, "I don't see the need to. I'm telling you now, it's not the law. So that's denied."

The general rule is that "'assuming an offer of proof has been seasonably made, it is error for the trial court to refuse to permit counsel to state what evidence he is offering.'" Alley v. State, 882 S.W.2d 810, 815-16 (Tenn. Crim. App. 1994) (quoting 89 A.L.R., *Offer of Proof–Ruling–Error*, § 2 at 283 (1963)). Tennessee Rule of Evidence 103 provides as follows:

> (a) **Effect of Erroneous Ruling**. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> (1) *Objection*. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context; or
>
> (2) *Offer of Proof*. In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.

Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve claim of error for appeal.

(b) **Record of Offer and Ruling**. The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling. It shall permit the making of an offer in question and answer form.

This Court explained, "Consequently, though not explicitly stated [in Tennessee Rule of Evidence 103], it is apparent that courts are required, in appropriate circumstances, to allow offers of proof when the evidence is excluded so as to enable consideration of the issue on appeal." Alley, 882 S.W.2d at 815-16. In Alley, this Court held that it is error for a trial court to refuse to grant an offer of proof in certain circumstances. Id. at 816. This Court stated:

In circumstances in which it is obvious from the record that the proffered evidence could, under no circumstances, be relevant to the issues, a trial court's refusal to grant an offer of proof is not error. However, if the obvious incompetence or irrelevance is not readily apparent from the record, it is error to exclude any reasonable offer which demonstrates the relevance and general import of the excluded evidence.

The reason for such a rule is quite clear. When a party contends that the trial court erred in excluding testimony, the need for a description of that testimony is compelling. Absent such a showing, an appellate court cannot determine whether the exclusion was error, and if error is found, whether the error is harmless. . . .

If the record of a post-conviction proceeding does not contain all evidence that this court may find admissible, we cannot determine whether the evidence preponderates against the trial court's findings. Nor can we determine whether the trial court erred in excluding evidence that may arguably be relevant to issues raised in the post-conviction proceeding.

Id. at 816-17. While there are a number of ways of making an offer of proof, "the better practice" is for trial counsel to present the actual testimony at issue in question and answer form. Id. at 817 (citing Farmers-Peoples Bank v. Clemmer, 519 S.W.2d 801, 804 (Tenn. 1975)); Neil P. Cohen, et al., *Tennessee Law of Evidence*, § 1.03[5][d] at 1-24 (4th ed. 2000).

The petitioner contends that Counsel was ineffective because he advised the petitioner to plead guilty without conducting a thorough investigation of the crime and interviewing key

witnesses. The petitioner argues that his guilty plea was involuntary because of this ineffective assistance of counsel. The petitioner further argues that, had Counsel properly investigated the crime and interviewed witnesses, Counsel would have discovered facts that would have helped the petitioner's defense and then could have advised the petitioner accordingly. According to the petitioner's brief, the victim would have testified that the petitioner was not the one who molested her. Also according to the petitioner's brief, the victim's grandmother was expected to testify that the victim was not afraid of her father, that during the years he had custody of the victim there were never any problems, and that, at the time of the rape, the victim was living with her aunt and had been doing so for a month. The victim's grandmother also was expected to testify that the victim's statement taken by the police was inconsistent with the language the victim herself used at the time to refer to her private areas. The petitioner stated that "[t]he witnesses' testimony was expected to touch on several more issues than set out in this section of the brief, but since there was no proffer allowed, what the witnesses' testimony would have been is speculative."

Following the analysis set forth in Alley, this Court must determine whether the excluded evidence was obviously incompetent or irrelevant so as to allow the denial of the offer of proof. Alley, 882 S.W.2d at 817. We conclude that the excluded testimony is not obviously incompetent or per se irrelevant because the testimony was directly related to the petitioner's ineffective assistance claim. The petitioner contends that Counsel was ineffective because he advised petitioner to plead guilty after failing to investigate the crime and interview key witnesses, so the testimony of the victim and the victim's grandmother was relevant to show what Counsel would have discovered had he interviewed these witnesses. The testimony of those witnesses may well establish that Counsel was ineffective because of his failure to properly investigate the crime before advising the petitioner to plead guilty. Since the testimony is not obviously incompetent or irrelevant, the post-conviction court should have allowed counsel to make the requested offers of proof. Absent a record of the proposed testimony from the two witnesses, we are unable to say that the exclusion was harmless.

The post-conviction court also excluded the medical records of the victim's visit to LeBonheur Children's Hospital on June 18, 1999, because it found that the medical records were irrelevant. We believe the post-conviction court abused its discretion by excluding the medical records because the records are relevant to show what Counsel would have discovered had he conducted a proper investigation of the crime. Apparently, the records indicate that the victim made allegations of sexual abuse against a person in one of the households listed in counsel's notes. The petitioner was in jail at this time. Based upon the information contained in the medical records, Counsel may have advised the petitioner differently regarding the decision to either plead guilty or go to trial. Therefore, we conclude that the post-conviction court erred by excluding the medical records.

### Conclusion

We conclude that the petitioner is entitled to a new hearing in order to determine whether he received ineffective assistance of counsel. We reverse the post-conviction court's judgment and

remand the case to the post-conviction court for a new hearing. At the new hearing, the post-conviction court should admit the testimony of the petitioner's two witnesses and the victim's medical records. Should the court exclude certain portions of the testimony, offers of proof shall be allowed in accordance with Tennessee Rule of Evidence 103. The post-conviction court shall allow the parties to introduce proof or argue both as to deficiency and prejudice, and the post-conviction court shall make further findings as to both.

_____
JOHN EVERETT WILLIAMS, JUDGE